# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUK SAN, | 1:11-cv-1211 BAM |
| Plaintiff, | **ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

## **BACKGROUND**

Plaintiff Ouk San ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for supplemental security income benefits and disability insurance benefits pursuant to Titles II and XVI, respectively, of the Social Security Act.[1]  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit.

**FACTS AND PRIOR PROCEEDINGS**

On May 29, 2008, Plaintiff filed her first applications for benefits, alleging disability beginning April 4, 2008. AR 21.[2] Plaintiff's applications were denied initially and on reconsideration. AR 27. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 27. ALJ Daniel G. Heely held a hearing on May 4, 2010, and issued an order denying benefits on July 6, 2010. AR 20-28. This appeal followed.

**Relevant Medical Record**

Plaintiff alleges that her knee pain, lower back pain, headaches, vision problems, high blood pressure, high cholesterol, sleeping problems, and stress, prevented her from working beginning on April 4, 2008. (Doc. 14 at 3). The entire medical record was reviewed by the Court. AR 174-275. The medical evidence will be referenced below as necessary to this Court's decision.

**Hearing Testimony**

ALJ Heely held a hearing on May 4, 2010, in Stockton, California. Plaintiff appeared and testified. She was represented by attorney Shellie Lott and assisted by a Cambodian interpreter. AR 20. Impartial Vocational expert ("VE") Stephen B. Schmidt also testified. AR 19.

Plaintiff was born in Cambodia and came to the United States in 1979, where she lived in Memphis, Tennessee until she moved to California to live with her older siblings. AR 44-46. Plaintiff has no education and does not speak any English. AR 44. Plaintiff said that as a part of her activities of daily living, she sometimes goes to church or temple, she receives food stamps, and she shops for groceries at a Cambodian store. AR 46.

With respect to symptoms, Plaintiff said that she experiences pain in her lower back, knees, arms, legs, and cervix. AR 45, 47. Plaintiff testified that she takes medication which helps her sleep. AR 48. She stated that she often dreams of someone running after her, she panics and scares easily, and she sometimes forgets things. AR 48. Regarding her ability to lift, Plaintiff estimated that she could lift about 10 pounds or less. AR 47.

---

[1]   References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

With regard to her previous employment, Plaintiff stated that she packaged items by putting them in boxes on an assembly line. AR 49. She estimated that the boxes she used weighed about 10 pounds. AR 49. Plaintiff also previously worked as a machine sewer, sewing zippers or hems. AR 50.

Thereafter, the ALJ elicited the testimony of a vocational expert. AR 61. The VE stated that Plaintiff's past work was classified as a zipper setter (DOT 786.682-286), hand packer (DOT 920.587-018), and blind stitch machine operator (DOT 786.682-046). AR 50-51. The expert testified, in relevant part, that an individual with Plaintiff's age, education, work history, and residual functional capacity could perform the job of hand packaging, as well as other "light" jobs such as laundry worker (DOT 361.587-010), cleaner (DOT 323.687-014), and presser (DOT 363.682-018). AR 52-53.

The VE was also asked to consider two hypothetical questions posed by the ALJ. AR 52. First, VE Schmidt was asked to consider jobs a person could complete assuming a hypothetical worker of Plaintiff's age, education, and work experience who was essentially illiterate in the English language, could sit 6 hours but stand and/or walk less than 2 hours in a normal work day, lift and/or carry less than ten pounds occasionally, never climb, balance, stoop, kneel, crouch, crawl, or work around hazards, who would need numerous unscheduled rest breaks, and would not have sufficient concentration for even simple, routine tasks. AR 52. VE Schmidt indicated such an individual could not perform Plaintiff's past relevant work or any work as it exists in the national economy. AR 52.

In a second hypothetical, VE Schmidt was asked to consider the same illiterate individual, but this person could sit, stand and walk for 6 out of 8 hours each with normal breaks, lift and/or carry 20 pounds occasionally, 10 frequently, never climb ladders, ropes, scaffolds, occasionally climb ramps or stairs, could not work at jobs requiring fine visual acuity, never work around hazards like moving dangerous machinery, and unprotected heights. AR 52. VE Schmidt indicated such an individual could perform Plaintiff's past work as a hand packager, and other work, such as the representative jobs of laundry worker, light, and cleaner, light. AR 52-53.

Plaintiff's counsel then asked the VE to consider the second hypothetical, but the hypothetical individual could stand and walk for less than six hours with frequent breaks, lift and carry 10 pounds frequently and occasionally with occasional postural limitation on bending, stopping, and crouching. AR 53. The VE testified that the individual could not perform any work as it exists in the national economy. AR 63.

**ALJ's Findings**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 19-27. More particularly, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 4, 2008. AR 19. Further, the ALJ identified status post right eye surgeries, depression and post traumatic stress disorder as severe impairments. AR 21. Nonetheless, the ALJ determined that the severity of the Plaintiff's impairment did not meet or exceed any of the listed impairments. AR 21.

Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform a wide range of light work except that she is able to sit, stand, or walk about 6 hours each during a normal 8-hour work day, and lift and/or carry 20 pounds occasionally and 10 pounds frequently. AR 22. Plaintiff must never climb ladders, ropes, and scaffolds and can only occasionally climb ramps or stairs. Plaintiff must also avoid work requiring fine visual acuity, and can never work around hazards like moving dangerous machinery or work involving unprotected heights. AR 22-23. The ALJ subsequently found that Plaintiff could perform her past relevant work as a hand packer. AR 26. The ALJ therefore found that Plaintiff was not disabled under the Social Security Act. AR 26.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v.*

*Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *Id.* This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that she has a physical or mental impairment of such severity that she is not only unable to do her previous work, but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

Here, Plaintiff argues that the ALJ erred in: (1) rejecting the opinion of consultative examiner Dr. Hernandez; (2) evaluating her mental health evidence; (3) considering her treating physician Dr. Parayano's opinion; and (4) discounting her credibility.

## DISCUSSION

### 1.  Physical RFC Determination

Plaintiff first contends the ALJ's physical RFC assessment is not supported by substantial evidence because the ALJ failed to properly consider the opinion of Miguel Hernandez, M.D., an examining physician. According to Plaintiff, in rejecting Dr. Hernandez's opinion, the ALJ failed to give specific and legitimate reasons for doing so.

5

"[T]he ALJ may only reject . . . [an] examining physician's uncontradicted medical opinion based on 'clear and convincing reasons[,]'" *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006), and "[e]ven if contradicted by another doctor, the opinion of an examining doctor can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record." *Regennitter v. Comm'r of the Soc. Sec. Admin.*, 166 F.3d 1294, 1298-99 (9th Cir. 1999); *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Here, the ALJ found that Plaintiff has the RFC to perform a wide range of light work as defined in 20 CFR 404.1576(b) and 416.967(b) except she is able to sit, stand, or walk, about 6 hours each during a normal 8-hour workday, and is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently. Plaintiff can never climb ladders, ropes, and scaffolds and occasionally climb ramps or stairs. Plaintiff cannot work at jobs requiring fine visual acuity and can never work around hazards like moving dangerous machinery or work involving unprotected heights. AR 23.

On July 16, 2008, Dr. Hernandez conducted an internal medical exam of Plaintiff. Based on his examination and objective physical findings, Dr. Hernandez observed that Plaintiff should be able to stand or walk less than 6 hours in an 8-hour workday and sit about 6 hours out of an 8-hour workday with frequent breaks due to osteoarthritis of both knees. Dr. Hernandez also opined that Plaintiff may have postural limitations on bending, stooping, or crouching especially in a repetitive manner due to osteoarthritis of both knees. The amount of weight Plaintiff should be to lift and carry is 10 pounds frequently and occasionally. Lastly, Dr. Hernandez opined that there are visual limitations attributable to Plaintiff's blurry vision.

The ALJ credited Dr. Hernandez's opinion as follows:

> Dr. Hernandez's opinions are given significant weight as they are within Dr. Hernandez's area of practice and knowledge, based upon direct examination and observation of the claimant, well-supported by objective findings and consistent with the substantial evidence of record as a whole.

AR 24.

In relevant part, Dr. Hernandez concluded that Plaintiff could stand or walk *less than* 6 hours in an 8-hour workday and needed *frequent breaks*. AR 177. He also limited Plaintiff to lifting and carrying no more than *10 pounds* on a frequent or occasional basis. The ALJ stated he was crediting

6

Dr. Hernandez's opinion but then concluded in his RFC assessment that Plaintiff could lift and carry *20 pounds* occasionally and could stand/walk and sit *for about 6 hours* in an 8-hour day, which is inconsistent with Dr. Hernandez's opinion. Also, the ALJ did not include Dr. Hernandez's assessment that Plaintiff needed frequent breaks or suffered from limitations due to osteoarthritis in his RFC finding.

Although the ALJ went to great lengths to credit Dr. Hernandez's opinion based on his expertise, examination findings, and direct examination, the ALJ failed to adopt Dr. Hernandez's opinion as to Plaintiff's functional limitations in his RFC assessment and failed to explain why certain limitations were excluded. AR 24. Indeed, the ALJ explicitly mentioned Dr. Hernandez's opinions that Plaintiff should be able to stand or walk less than 6 hours in an 8-hour workday with *frequent* breaks due to *osteoarthritis* of both knees. AR 24. However, despite this acknowledgment, when considering Plaintiff's RFC, the ALJ did not include all of the limitations assessed by Dr. Hernandez or explain their exclusion.

The ALJ failed to reject Dr. Hernandez's opinion properly. The ALJ's complete silence as to some of Dr. Hernandez's limitations is considered an implicit rejection of Dr. Hernandez's opinion that Plaintiff suffers from osteoarthritis, needs frequent breaks, can only lift 10 pounds on a frequent basis, and can stand or walk for less than 6 hours in a workday. In implicitly rejecting Dr. Hernandez's opinion as to Plaintiff's osteoarthritis and accompanying limitations, the ALJ failed to articulate specific and legitimate reasons for doing so. While it is true, as the Commissioner argues, that an ALJ is not required to adopt all of an examining physician's assessment, *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989), the ALJ is required to explain his reasons for rejecting those portions of an examining physician's assessment he chooses not to adopt. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 n.10 (9th Cir. 2007). The ALJ's total silence does not meet this burden.

The ALJ's failure to give specific and legitimate reasons for rejecting portions of the Dr. Hernandez's opinion is legal error. *Lingenfelter*, 504 F.3d at 1038 n.10. The Ninth Circuit has repeatedly emphasized the "bedrock principle of administrative law" that a "reviewing court can evaluate an agency's decision only on the grounds articulated by the agency." *Ceguerra v. Sec'y of Health & Human Servs.*, 933 F.2d 735, 738 (9th Cir. 1991); *see also Connett v. Barnhart*, 340 F.3d

871, 874 (9th Cir. 2003) (noting that a reviewing court is "constrained to review the reasons the ALJ asserts," and an ALJ decision cannot be affirmed on the basis of evidence he did not discuss). The Court cannot infer from the ALJ's silence as to whether he meant to credit Dr. Hernandez's osteoarthritis diagnosis and accompanying limitations. Moreover, since the ALJ incorporated only some, but not all, the limitations included in Dr. Hernandez's opinion when assessing Plaintiff's RFC, *see* AR 24 "substantial evidence does not support the [ALJ's RFC] assessment." *Lingenfelter*, 504 F.3d at 1040; *Widmark*, 454 F.3d at 1070. "Nor does substantial evidence support the ALJ's step-five determination, since it was based on this erroneous RFC assessment." *Lingenfelter*, 504 F.3d at 1041.

When error exists in an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *INS v. Ventura*, 537 U.S. 12, 16 (2002); *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004). Remand for further proceedings is appropriate "if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004); *see Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000) (explaining that "decision whether to remand for further proceedings turns upon the likely utility of such proceedings").

When the ALJ rejects an examining physician's opinion, Courts may "credit as true" the opinion of a treating or examining physician when "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Harman*, 211 F.3d at 1178 ; *Connett*, 340 F.3d at 876 (recognizing that courts "have some flexibility in applying the 'credit as true'" rule). Here, further proceedings could result in a modification of the ALJ's RFC assessment and, thus, require a revision of the ALJ's step five finding. Therefore, remand is appropriate because outstanding issues must be resolved before a disability determination can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. *See, e.g., Vasquez v. Astrue*, 572 F.3d 591, 593 (9th Cir. 2009). Accordingly, the Court will remand this matter for further evaluation and discussion of the

limitations raised by Dr. Hernandez.  On remand, the ALJ is instructed to reconsider the medical opinion testimony offered by Dr. Hernandez in making his residual functional capacity finding. Further, should the administration reach step five upon remand, it should consider how Plaintiff's impairments affect her ability to do other substantial gainful activity.  *See DeLorme v. Sullivan*, 924 F.2d 841, 849-50 (9th Cir. 1991).

### 2.     Mental RFC Determination and Hypothetical Question

Next, Plaintiff contends that the ALJ erred in reaching her mental RFC determination and subsequently posing an incomplete hypothetical question to the vocational expert.[3]  More specifically, Plaintiff argues that although the ALJ concluded that she suffered from moderate concentration limitations and moderate social functioning limitations, he failed to include any limitations relative to social functioning, concentration, persistence or pace in his RFC assessment or subsequent questions to the VE.

In determining a claimant's disability status, an ALJ has the responsibility to determine the claimant's RFC after considering "all of the relevant medical and other evidence" in the record.  20 C.F.R. §§ 404.1545(a)(3), 404.1546(c), 416.945(a)(3), 416.946(C).  "Thus, an RFC that fails to take into account a claimant's limitations is defective."  *Valentine,* 574 F.3d at 690.  Similarly, "[t]he hypothetical an ALJ poses to a vocational expert, which derives from the RFC, 'must set out all the limitations and restrictions of the particular claimant.'"  *Id.*  (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)); *see also Nguyen v. Chater*, 100 F.3d 1462, 1466 n.3 (9th Cir. 1996) ("Because the hypothetical was incomplete, it does not constitute competent evidence to support a finding that claimant could do jobs set forth by the vocational expert.").

In determining Plaintiff's mental RFC, the ALJ's decision states:

> In activities of daily living, the claimant has a mild restriction.  In social functioning, the claimant has moderate difficulties.  With regard to concentration, persistence or pace, the claimant has moderate difficulties.  As for episodes of decompensation, the

---

[3]     The Court notes that, as addressed in Plaintiff's first issue, the ALJ based his questions to the vocational expert on his consideration of the medical opinion of Dr. Hernandez.  New vocational expert testimony will be necessary now that the Court has ordered the ALJ to reassess  Dr. Hernandez's opinion.  The Court will address Plaintiff's next argument, however, to provide further guidance for this issue on remand.

9

claimant has experienced no episodes of decompensation, which have been of extended duration.

AR 22.

By the ALJ's express language, he evidently accepted medical evidence that Plaintiff had limitations in social functioning, concentration, persistence or pace. AR 21. However, the ALJ's RFC assessment did not contain any limitations relative to social functioning or concentration, persistence and pace. Indeed, the ALJ's decision provides no guidance as to the specifics regarding these limitations. AR 22.

Further, in finding that Plaintiff could perform her past relevant work, the ALJ questioned the VE as follows:

> [Q:] Hypothetical two, again, please assume the same age, education, work history as the claimant, essentially illiterate in the English language and that this individual could sit, stand, and walk six out of eight hours each with normal breaks, lift and/or carry twenty pounds occasionally, ten frequently, never climb ladders, ropes, scaffolds, occasionally climb ramps or stairs, could not work at jobs requiring fine visual acuity, that's F-I-N-E, never work around hazards like moving dangerous machinery, unprotected heights. If a person had those limitations, could he or she do any of those past jobs you told us about?
>
> [A:] The hand packaging.
>
> [Q:] Any other jobs in the California economy that could be done?
>
> [A:] Laundry, 361.587-010, light, SVP: 2, 5,000. Cleaner, 323.687-014, light, SVP: 2, 44,000. Presser, 363.682-018, light, SVP: 2, 7,000.

AR 52-53.

Again, while ultimately concluding that Plaintiff suffered from moderate mental limitations, the ALJ did not incorporate these limitations into his hypothetical question to the VE. The ALJ also failed to explain why Plaintiff could perform her past relevant work despite these moderate limitations. The ALJ's failure to do so is legal error.

The ALJ was required to include in the hypothetical question posed to the vocational expert all of the limitations the ALJ found to exist, including but not limited to the moderate limitation on concentration, persistence or pace. Where a hypothetical question fails to "set out all of the claimant's impairments," the vocational expert's answers to the question cannot constitute substantial evidence to support the ALJ's decision. *See, e.g., DeLorme v. Sullivan*, 924 F.2d 841,

850 (9th Cir. 1991); *see also* Social Security Ruling 96-8p, 1996 SSR LEXIS 5 (in assessing residual functional capacity, the ALJ must consider all limitations imposed by all impairments, even non-severe impairments; "the limitations due to such a 'not severe' single impairment may prevent an individual from performing past relevant work . . ."); 20 C.F.R. § 404.1545(e) ("we will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity"); *accord Carmickle v. Commissioner*, 533 F.3d at 1164. The ALJ thus appears to have erred by failing to include all of Plaintiff's limitations in the hypothetical question.

The Commissioner argues that with respect to Plaintiff's mental impairments, the ALJ found that Plaintiff gave "poor effort *i.e.*, symptom exaggeration or malingering" during her Consultative Adult Psychiatric Evaluation performed by Manolito Castillo, M.D. According to the Defendant, the ALJ's discussion of Plaintiff's poor effort, *aka* malingering, is sufficient to discount any alleged mental limitations.

While the ALJ was free to discount Plaintiff's mental limitations, he did not. The ALJ expressly found that Plaintiff suffered from moderate limitations in social functioning, concentration, persistence, and pace. AR 22. Yet, the ALJ failed to account for those moderate limitations in his RFC. This was error as an ALJ may not ignore limitations found to be supported by the record. *March v. Comm'r*, 462 Fed. Appx. 671, 673 (9th Cir. 2011). Further, the ALJ failed to capture Plaintiff's deficiency in pace and other mental limitations in the RFC assessment by limiting Plaintiff in any way based on Plaintiff's mental impairments. *See Brink v. Comm'r of Soc. Sec. Admin.*, 343 Fed. Appx. 211, 212 (9th Cir. 2009) (Ninth Circuit held where an ALJ accepts testimony of a Plaintiff's limitations, the hypothetical question posed to the vocational expert must include a Plaintiff's moderate limitations in concentration, persistence, or pace).[4]

Thus, as in *Brink*, the ALJ accepted evidence of Plaintiff's moderate limitations, but failed to include any limitations in his questions to the VE. Therefore, the ALJ's RFC is materially

---

[4] Although *Brink* is an unpublished decision the Court notes that other courts have found *Brink* persuasive and applied the reasoning of *Brink* in the manner similar to how the Court applies it here. *See, e.g., Smith v. Astrue*, No. ED CV 10-633-PLA, 2011 U.S. Dist. LEXIS 101057, 2011 WL 3962107, at *8-9 (C.D. Cal. Sept. 8, 2011) (unpublished); *Bentancourt v. Astrue*, No. EDCV 10-0196 CW, 2010 U.S. Dist. LEXIS 125435, 2010 WL 4916604, at *3-4 (C.D. Cal. Nov. 27, 2010) (unpublished).

incomplete in light of the evidence in the record and the ALJ's own findings. *See, e.g., Gray v. Astrue*, 2012 U.S. Dist. LEXIS 134021, 2012 WL 4097762, at *9 (D. Idaho Sept. 17, 2012) (RFC determination and hypothetical question were incomplete where they failed to incorporate limitation in concentration, persistence, and pace that ALJ had accepted); *Van Duong v. Astrue*, 2012 U.S. Dist. LEXIS 119195, 2012 WL 3648006, at *5 (E.D. Cal. Aug. 22, 2012) (same). Accordingly, the Court concludes that the ALJ erred in formulating Plaintiff's RFC and Plaintiff is entitled to summary judgment on this issue. The Court remands this issue to the agency for further development of a more accurate RFC determination of Plaintiff's mental limitations.

### 3. Remand is Appropriate to Address the Deficiencies in the ALJ's Decision

Finally, Plaintiff raises other issues of error. However, the Court need not, and has not adjudicated Plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989) ("If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded.").

The Court remands the case with the understanding that the Commissioner is to reassess issues on remand for further proceedings concerning Plaintiff's impairments. *Tonapetyan v. Halter*, 242 F.3d 1144, 1151 (9th Cir. 2001) (upon remand, ALJ to reconsider issues as appropriate to address purpose of remand). Such remand is appropriate when, like here, a decision does not adequately explain how a conclusion was reached, "[a]nd that is so even if [the Commissioner] can offer proper post hoc explanations for such unexplained conclusions, for the Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Barbato v. Commissioner of SSA*, 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996).

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence in the record as a whole and is not based on proper legal standards. Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for remand (Doc. 14) is **GRANTED**;

2.  The decision of the ALJ is **REVERSED** and the case **REMANDED** to the Commissioner, pursuant to 42 U.S.C. § 405(g), sentence four for further proceedings consistent with this Order;

3.  The Clerk of Court enter judgment in favor of Plaintiff.

IT IS SO ORDERED.

**Dated:**   **March 25, 2013**                    /s/ **Barbara A. McAuliffe**
                                           UNITED STATES MAGISTRATE JUDGE