UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUK SAN,<br><br>        Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 1:11-cv-1211 - BAM<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS** |

Pending before the Court is Plaintiff Ouk San's ("Plaintiff") motion for attorneys' fees and costs under the Equal Access to Justice Act (28 U.S.C. § 2412(d)) ("EAJA") in the amount of $6,497.55. (Docs. 23, 28). The Commissioner of the Social Security Administration ("Commissioner" or "Defendant") objects to Plaintiff's request, contending that Plaintiff is not entitled to fees and that the amount requested is unreasonable. (Doc. 24). For the reasons that follow, the Court **GRANTS** Plaintiff's application for an attorneys' fee award of $6,497.55 in full.

## BACKGROUND

In short, this Motion follows the Court's decision to reverse and remand this matter for further administrative proceedings based on the Court's finding that the ALJ committed two errors in deciding Plaintiff's case. First, the Court found that the ALJ failed to provide "specific and legitimate" reasons for rejecting the opinion of examining physician Miguel Hernandez, M.D. *See Lester v. Chater*, 81 F.3d 821, 839 (9th Cir. 1996). Second, the Court found that the ALJ improperly determined Plaintiff's mental RFC. *See Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir.

1

2008). (Docs. 21, 22). Based on the ALJ's errors, the Court concluded that the Commissioner's decision must be reversed.

Defendant counters that Plaintiff is not entitled to EAJA fees because (1) the government was substantially justified in defending this matter, and (2) the requested fees are unreasonable. (Doc. 27). The Court addresses each issue in turn.

## DISCUSSION

28 U.S.C. § 2412(d)(1)(A) provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

When a claimant wins a remand based on an incorrect decision by the Commissioner (a "sentence-four" remand), attorneys' fees are to be awarded unless the Commissioner shows that she was "substantially justified" in her position. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). Here, the parties do not dispute that Plaintiff is the prevailing party. The Commissioner contends, however, that the government's position was substantially justified.

The EAJA does not define "substantial justification." The Supreme Court, however, has defined it to mean "justified in substance or in the main" or "to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 566 (1988). "A position can be justified even though it is not correct, and we believe it can be substantially (*i.e.,* for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* The Seventh Circuit restated this standard as "whether the agency has a rational ground for thinking it has a rational ground for its action." *Kolman v. Shalala*, 39 F.3d 173, 46 (7th Cir. 1994).

**A.   The Commissioner's Position Was Not Substantially Justified**

In deciding whether the position of the Commissioner was justified, "district courts should focus on whether the government's position on the particular issue on which the claimant earned

remand was substantially justified." *Hardisty v. Astrue*, 592 F.3d 1072, 1078 (9th Cir. 2010); *see Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995).

Here, in defending the ALJ's position, the Commissioner argued that the ALJ was entitled to reject the examining physician's opinion because the examining physician's opinion was based primarily on Plaintiff's subjective statements. (Doc. 24 at 4). With respect to mental health evidence, the Commissioner argues that the examining psychiatrist found that Plaintiff had no mental limitations. (Doc. 24 at 4). Therefore, the Commissioner argues, that it had a reasonable basis in fact for defending this case.

The Commissioner's argument that its position in this case was substantially justified is unpersuasive. As the Court previously found, the ALJ failed to provide specific and legitimate reasons for discounting the opinion of the examining physician. While the ALJ gave significant weight to the examining physician's opinion that Plaintiff could lift and carry 20 pounds and could stand/walk and sit for about 6 hours in an 8-hour day, the ALJ implicitly rejected the examining physician's finding that Plaintiff was limited to carrying 10 pounds and that Plaintiff needed frequent breaks. The ALJ rejected these findings without providing any explanation.

As the Court explained, because the ALJ failed to provide any explanation for implicitly rejecting some of the examining physician's limitations, the ALJ's reasons for rejecting Dr. Hernandez's opinions were not specific and legitimate. The Court held that:

> The ALJ failed to reject Dr. Hernandez's opinion properly. The ALJ's complete silence as to some of Dr. Hernandez's limitations is considered an implicit rejection of Dr. Hernandez's opinion that Plaintiff suffers from osteoarthritis, needs frequent breaks, can only lift 10 pounds on a frequent basis, and can stand or walk for less than 6 hours in a workday. In implicitly rejecting Dr. Hernandez's opinion as to Plaintiff's osteoarthritis and accompanying limitations, the ALJ failed to articulate specific and legitimate reasons for doing so. While it is true, as the Commissioner argues, that an ALJ is not required to adopt all of an examining physician's assessment, Magallanes v. Bowen, 881 F.2d 747, 753 (9th Cir. 1989), the ALJ is required to explain his reasons for rejecting those portions of an examining physician's assessment he chooses not to adopt. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 n.10 (9th Cir. 2007). The ALJ's total silence does not meet this burden.

(Doc. 21 at 7).

The Ninth Circuit has held that errors in which an ALJ "fail[s] to make findings and weigh evidence" are "serious," and that the government's "defense of [these] basic and fundamental errors" lacks substantial justification. *See Shafer v. Astrue*, 518 F.3d 1067, 1071-72 (9th Cir. 2008) (quoting *Corbin v. Apfel*, 149 F.3d 1051 at 1053 (9th Cir. 1998)). Here, the ALJ failed to adequately weigh the opinion of the examining physician, and therefore has committed a "serious" error as defined by the Ninth Circuit. Therefore, the Court finds that the Commissioner was not substantially justified in defending the ALJ's failure to make complete findings and consider all the relevant evidence.

Accordingly, the Court finds that Plaintiff is entitled to an award of attorneys' fees and costs incurred in litigating this appeal.

**B.   Plaintiff's Fee Request is Reasonable**

As the Court has determined that Plaintiff is entitled to recover attorneys' fees for the work performed, the Court must next determine what constitutes a reasonable award of attorneys' fees. *See* 28 U.S.C. § 2412(d)(2)(A); *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (district court has an independent duty to review Plaintiff's fee request to determine its reasonableness).

**1.   Legal Standard**

Under the EAJA, attorneys' fees must be reasonable. 28 U.S.C. § 2412(d)(1)(A); *Perez-Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002). The applicant bears the burden of demonstrating the reasonableness of the request. *Blum v. Stenson,* 465 U.S. 886, 897 (1984). The Ninth Circuit has held that the lodestar method should be used to determine what constitutes a reasonable fee under the EAJA. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). To calculate the lodestar amount, the Court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. The request should exclude hours that are excessive, redundant, or otherwise unnecessary. *Id*.

**2.   Hourly Rates**

The EAJA provides that fee awards should be "based upon prevailing market rates for the kind and quality of the services furnished," and that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Although the cost-of-living increase can be

4

calculated, the Ninth Circuit maintains a list of the maximum hourly rates for each year. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005).

Here, Plaintiff requests the published maximum rates of $180.59 per hour for work performed in 2011, and $184.32 for work performed in 2012 and 2013. The Court finds Plaintiff's request for a cost of living adjustment to be reasonable in light of the kind and quality of services furnished, as well as the lack of argument suggesting otherwise by the Commissioner. The Court applies the requested rates for 2011, 2012, and 2013.

### 3. Number of Hours

Plaintiff seeks compensation for a total of 35.5 attorney hours, or $6,497.55. (Doc. 28 at 14). The Commissioner raises a number of challenges to the calculation of billing hours by Plaintiff's counsel arguing that the hours claimed are not reasonable and should be reduced by 18.1 hours.

The Commissioner first challenges 3.0 of the 5.1 hours billed by attorney Ann Cerney, arguing that Plaintiff's counsel allegedly spent too much time instructing and reviewing the work of attorney Chantal Harrington. The Commissioner argues that this type of review by a senior attorney is duplicative and unnecessary. The Court has scrutinized closely the hours claimed by Ms. Cerney and finds no reason to believe that the 3.0 hours Ms. Cerney spent reviewing the briefs prepared by Ms. Harrington is duplicative. Here, the submitted declarations of Ms. Cerney and Ms. Harrington reflect that Ms. Harrington was responsible for drafting the pleadings filed in this action. *See* Declaration of Chantal Harrington ("Harrington Decl."), Ex. 3 (Doc. 23-3 at 2). Ms. Cerney, as the attorney of record, simply billed for time spent reviewing the pleadings drafted by Ms. Harrington prior to filing them with the court. (Doc. 28 at 10). The Court agrees with Plaintiff that it would have been imprudent for Ms. Cerney to simply sign and file the pleadings prepared by Ms. Harrington, an out of state attorney, without conducting any review. Given the length of the pleadings drafted by Ms. Harrington, the Court finds that the 3.0 hours Ms. Cerney billed for reviewing the pleadings and related instruction was reasonable. Therefore, no reduction in Ms. Cerney's hours is warranted.

Second, the Commissioner objects to 1.8 hours of billing based on activities that occurred prior to filing the Complaint. (Doc. 24 at 7). According to the Commissioner, these hours are not

compensable because they were incurred prior to filing the federal court complaint. The Commissioner cites to 28 U.S.C. 2412(d); *Melkonyan v. Sullivan*, 501 U.S. 89, 97 (1991), and *Mendenhall v. NTSB*, 213 F.3d 464, 469 (9th Cir. 2000), for the proposition that Plaintiff is precluded from seeking any fees under the EAJA for work completed prior to the commencement of this civil action. (Doc. 24 at 7).

The cited authority does not support the Commissioner's position. In *Mendenhall*, the Ninth Circuit held that 28 U.S.C. § 2412(b) did not permit an award of attorney's fees for work conducted during pre-litigation administrative proceedings. The Court did not, however, hold that the EAJA precluded an attorney's fee award for work performed in preparation for filing a civil action. 213 F.3d at 467-69. In *Melkonyan*, the Supreme Court held that, although the EAJA generally does not provide for an award of attorney's fees for work performed in administrative proceedings, EAJA fees for work done at the administrative level may be collected where "the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings." 501 U.S. at 97.

Here, the 1.8 attorney hours were not expended for work performed during an administrative proceeding, but rather for time spent reviewing the case in order to pursue an action in federal court for judicial review of the Commissioner's decision. Accordingly, the cases relied upon by the Commissioner are inapposite and do not preclude Plaintiff from seeking compensation for the work performed prior to filing this civil action. *See, e.g., Thompson v. Astrue*, No. 11-0429, 2012 U.S. Dist. LEXIS 169071, 2012 WL 5949218, at *2 (E.D. Cal. Nov. 28, 2012) (rejecting similar argument).

Defendant next argues that a reduction of at least 12.6 hours is appropriate because Plaintiff's opening brief included contentions that the Court abstained from considering. To support this argument, Defendant cites *Hardisty*, 592 F.3d at 1077, and contends that the EAJA's fee shifting provisions do not apply to issues that the reviewing court left unaddressed.

In *Hardisty*, the Ninth Circuit reviewed the denial of an EAJA fee petition. In affirming the denial, the Ninth Circuit held that the provisions of the fee-shifting statute do not extend fee awards to "positions of the United States challenged by the claimant but unaddressed by the reviewing

court." *Hardisty*, 529 F.3d at 1077. The Ninth Circuit based the decision, in part, on the Supreme Court's command "that a request for attorney's fees should not result in a second major litigation." *Id.* at 1077–1078 (citation omitted). The Ninth Circuit reasoned that requiring the district court to determine whether the government's position on unadjudicated issues was substantially justified would put the court "in the position of conducting essentially *de novo* review of the entire case for purposes of the fee litigation, contrary to the command against 'spawn[ing] a second litigation' of the Supreme Court and to the far more streamlined 'substantial justification' review envisioned by the EAJA itself." *Id.* at 1078 (internal citations omitted).

The Court declines to extend *Hardisty* to this action. The district court in *Hardisty* found that the government's position was substantially justified on the issue upon which remand was based, and the issue was therefore not a basis for EAJA fee-shifting. *Hardisty*, 592 F.3d at 1075. Here, Defendant's position was not substantially justified on the issue upon which remand was based.

Moreover, extending *Hardisty* to the reasonableness analysis is contrary to Supreme Court precedent and unfeasible. In *Hensley*, the Supreme Court explained that an attorney may not be entitled to an award for work on "distinctly different claims for relief that are based on different facts and legal theories." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).[1] The *Hensley* court recognized, however, that some cases present a single claim for relief that involves a common core of facts and is based on related legal theories:

> Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.
>
> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation . . .

*Hensley*, 461 U.S. at 435.

---

[1] *Abrogated on other grounds by Texas State Teachers Ass'n v. Garland Independent School District*, 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989); *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 518 (9th Cir. 2000).

Social Security appeals have been likened to a single claim for relief based on one set of facts and involving related legal theories. *See*, *e.g.*, *Trefcer v. Colvin*, No. 2:11-cv-1436 AC, 2013 WL 6623823, *5 (E.D. Cal. Dec. 16, 2013); *Singmoungthong v. Astrue*, No. 1:09cv1328 DLB, 2011 WL 2746711, *8 (E.D. Cal. Jul. 13, 2011). Therefore "litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not sufficient reason for reducing a fee. The result is what matters." *Hensley*, 461 U.S. 424 at 435.

In this case, Plaintiff sought a remand for additional consideration of the medical evidence based on four alternative grounds. As discussed above, she successfully obtained a remand under sentence four with respect to two of the four issues raised in the litigation. Although two of Plaintiff's argument s were not addressed in the remand order, the Court does not find unreasonable the time spent advancing those arguments. Given the overall result obtained, the fact that the Court declined to address Plaintiff's remaining grounds for remand is not a sufficient reason for reducing the fees requested.

The Commissioner also argues that counsel is not entitled to compensation for 0.7 billing hours spent in performing tasks which the Commissioner alleges are purely clerical in nature. Defendant argues that alleged clerical work includes reviewing a scheduling order, and summons, giving instructions regarding consent to jurisdiction, and preparing EAJA timesheets.

Although the orders and instructions in part may have related to matters that were to some extent administrative in character, an attorney's review of documents and determination of action to be undertaken with respect to every document are not tasks typically performed by clerical staff; the attorney is responsible for seeing that the work in question was and will be performed correctly. *Williams v. Apfel*, 2000 U.S. Dist. LEXIS 7420, 2000 WL 684259, *2 (S.D. Ind. 2000). As Plaintiff's counsel points out, a decision regarding consent to Magistrate Judge jurisdiction is not a matter for a secretary to decide. Where, as here, there is no indication of any duplication of work, and where the total amount of time spent was reasonable, the Court is satisfied with counsel's showing.

Finally, the Court notes that even a cursory review of Plaintiff's application reveals that the request here is reasonable on its face. The claimed 32.4 hours are well within the range of a

reasonable amount of attorney time to have expended on this matter. *See Costa v. Comm. of Soc. Sec. Admin.*, 690 F.3d 1132, 1137 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases."). Instead of conceding this point and working towards a stipulation, the government asks the Court to conduct a line-by-line analysis of counsel's billing entries—a practice that numerous courts have declined to do as such efforts are an unnecessary drain on judicial resources. *See, e.g., Stewart v. Sullivan*, 810 F. Supp. 1102, 1107 (D. Haw. 1993); *Vallejo v. Astrue*, No. 2:09-cv-3088 KJN, 2011 U.S. Dist. LEXIS 106571, 2011 WL 4383636, at *4 (E.D. Cal., Sept. 20, 2011); *Destefano v. Astrue*, No. 05-cv-3534, 2008 U.S. Dist. LEXIS 16504, 2008 WL 623197, at *4 (E.D.N.Y. Mar. 4, 2008). Given the above, the parties are encouraged to resolve future attorney fee requests through independent negotiations. The Court appreciates the government's efforts to reduce the amount of attorney fees paid. Here, however, Plaintiff received a higher award because 2.9 hours were spent litigating the instant motion. Counsel is reminded that this is one of the busiest Courts in the nation. Indeed, in many social security cases, the Court is often asked to extend time for the government to respond to scheduling deadlines, based upon the ground of the pressing workload. More prudent negotiation strategies will not only save time and prevent unnecessary delay, but also result in decreased fee awards and less work for the attorneys and the Court.

### 4. Total Fee Award and Payee

Based on the Court's review, Plaintiff is entitled to $6,497.55 in fees. The Court notes that Plaintiff has executed an assignment of her EAJA fees to Plaintiff's counsel. (Doc. 23-4). However, the EAJA award must be made by this Court to Plaintiff, and not to counsel. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010). Nevertheless, the Commissioner has agreed that if Plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of Plaintiff's attorney. (Doc. 24 at 12).

//
//
//
//

**CONCLUSION**

As a prevailing party, Plaintiff is entitled to an award of attorney's fees under EAJA because the ALJ's decision and the Commissioner's position were not substantially justified. Plaintiff is entitled to an award of $6,497.55, which represents compensation for 35.3 billable hours. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), this amount is payable to Plaintiff.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's motion for attorney's fees is GRANTED in the amount of $6,497.55; and
2. This amount shall be paid to Plaintiff.

IT IS SO ORDERED.

Dated:   **February 9, 2016**             /s/ Barbara A. McAuliffe
                                                          UNITED STATES MAGISTRATE JUDGE